**SO ORDERED**

**SIGNED this 15 day of July, 2026.**

**Pamela W. McAfee**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| SANDRA LYNN BARTON | CHAPTER **13** |
| DEBTOR. | CASE NO. **25-02420**-5-PWM |

**CONSENT ORDER GRANTING**
**RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER comes before the Court for relief from the automatic stay to allow Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander") to exercise its rights and remedies against First Bank's collateral under the Loan Documents (hereinafter defined). Based upon the consent, stipulation, and agreement of Santander, the Trustee, and the Debtor, the Court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition under chapter 13 of title 11 on June 26, 2025.

3. On or about Janaury 28, 2025, Hyundai extended a loan to Sandra Lynn Barton (the "Debtor") to finance the purchase of a 2025 Hyundai Venue, VIN No. KMHRC8A37SU354790 (the "Vehicle").

4. In conjunction with this loan, the Debtor executed a Retail Installment Contract in favor of Santander in the principal amount of $27,991.75 (the "Contract").

5. Santander has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title").

6. On or about June 25, 2025, the Debtor filed her Chapter 13 Plan (the "Plan") (D.I. 2), which provides for payment directly to Santander outside of the Plan.

7. As of the entry of this Order, the Debtor was due for March 2026 with total arrears in the amount of $1,607.76.

8. The Motion for Relief from Automatic Stay should be denied and the Automatic Stay should remain in effect so long as the Debtor complies with the following terms of adequate protection:

a) The Debtor shall resume regular monthly payments directly to Santander beginning with the payment due in June 2026. If the June 2026 regular payment is not received by Santander on or before 5:00 PM on June 30, 2026, then the automatic stay shall be immediately lifted to allow Santander to exercise its rights and remedies under the Contract and applicable laws. Beginning with the July 2026 payment and continuing for twelve (12) consecutive months, if any regular monthly payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be

immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

b) The Debtor shall cure the post-petition arrearage of $1,607.76 through the April 2026 payment by making six (6) equal monthly payments of $267.96 with the first payment being due by June 2026 and the subsequent payments being due each month thereafter for a total of six consecutive months. If any monthly cure payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

c) The finance agreements giving rise to the security interests in favor of Santander include provisions permitting recovery of any fees/costs associated with enforcing the agreement. Based on the same, Santander shall be reimbursed in the amount of $449.00 which will be added to the loan balance.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. That so long as the Debtor complies with the terms of adequate protection set forth in Paragraph 8 of the Findings of Fact above, the automatic stay shall remain in effect.

2. That if the Debtor fails to comply with any of the terms of adequate protection set forth above in Paragraph 8 of the Findings of Fact herein, the automatic stay shall be and hereby is dissolved to allow Santander to proceed against the Vehicle in accordance with applicable law and its security agreement.

3. That the Debtor shall reimburse Santander for its reasonable attorneys' fees and expenses in the amount of Four Hundred Forty Nine and 00/100 Dollars ($449.00) which shall be added to the balance of the loan.

4. That if the automatic stay is dissolved for failure to comply with the terms of this Order:

a. The Debtor and Co-Debtor are ordered to immediately release the Vehicle to Santander or advise it of the location of the Vehicle and the name, address, and telephone number of any third party who has possession of the Vehicle.

b. That Santander is allowed a period of one hundred twenty (120) days following the sale or subsequent disposition of the Vehicle to file an unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle.

c. That the lift of stay and subsequent turnover of the Vehicle shall be effective immediately upon entry of the Notice of Default/Notice of Lift of Stay pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, notwithstanding anything to the contrary in the Rules of Bankruptcy Procedure which might be applicable.

d. That time is of the essence as to each and all of the provisions of this Order.

e. That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

WE CONSENT:

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2148
Email: dorie.arthur@wbd-us.com
*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

By: /s/ Edward C. Boltz
**Edward C. Boltz**
The Law Offices of John T. Orcutt
1738-D Hillandale Road
Durham, NC 27705
919 286-1695
Fax : 919 286-2704
Email: postlegal@johnorcutt.com

*Attorney for the Debtor*

By: /s/ Troy Staley
S. Troy Staley
Chapter 13 Trustee
PO Box 1618
New Bern, NC 28563
Phone: (252) 633-0074
NC State Bar No.: 43229
tstaley@ednc13.com

END OF DOCUMENT