UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| SANDRA LYNN BARTON, Debtors. | Case No.:25-02420-5-PWM |

**NOTICE OF MOTION**

The party represented by counsel below has filed papers with the court to move the court for an order for relief from the automatic stay or for adequate protection.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the order for relief from stay, or if you want the court to consider your views on the motion, then on or before September 28, 2026, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

United States Bankruptcy Court
PO Box 791
Raleigh, NC 27602

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy:

Eudora F. S. Arthur
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601

Troy Staley
Trustee
P.O. Box 1618, New Bern, NC 28563-1618

If a response and a request for hearing are filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: September 11, 2026

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Eudora F. S. Arthur*
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify: That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; That on this day, I served a copy of the foregoing Notice of Motion on:

Sandra Lynn Barton
Debtor

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Notice of Motion was served by electronic means through the Court's CM/ECF service on:

*Edward C. Boltz*
*Attorney for Debtor*

*Troy Staley*
*Chapter 13 Trustee*

*Brian C. Behr*
*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 11, 2026

WOMBLE BOND DICKINSON (US) LLP

*By: /s/ Eudora F. S. Arthur*
EUDORA F. S. ARTHUR
NC State Bar Number 59854
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| SANDRA LYNN BARTON, | Case No.: 25-02420-5-PWM |
| Debtor. | |

**MOTION TO AMEND ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), by and through its undersigned attorneys, hereby moves this Court pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 60(a) of the Federal Rules of Civil Procedure, and Local Rules 9013-1 and 9014-1, for entry of an Amended Consent Order Granting Relief from the Automatic Stay (the "Amended Order"), and in support thereof states as follows:

1. On July 15, 2026, this Court entered a Consent Order Granting Relief from the Automatic Stay (D.E. 35) (the "Original Order") concerning Santander's collateral, a 2025 Hyundai Venue, VIN No. KMHRC8A37SU354790 (the "Vehicle").

2. The opening paragraph of the Original Order contains a clerical error. It states that Santander may exercise its rights and remedies against "First Bank's collateral," but the collateral at issue is Santander's collateral.

3. Santander requests that the Original Order be amended solely to replace the phrase "First Bank's collateral" with "Santander's collateral."

4. Rule 9024 of the Federal Rules of Bankruptcy Procedure incorporates Rule 60(a) of the Federal Rules of Civil Procedure, which authorizes a court to correct a clerical mistake or

a mistake arising from oversight or omission in an order. The requested amendment corrects an inadvertent misidentification and does not alter the substantive relief granted by the Original Order.

5. A copy of the proposed Amended Consent Order Granting Relief from the Automatic Stay is attached hereto as Exhibit "A" for the Court's consideration.

**WHEREFORE**, Santander respectfully requests that this Court enter the attached Amended Consent Order Granting Relief from the Automatic Stay and grant such other and further relief as the Court deems just and proper.

Dated: September 11, 2026

WOMBLE BOND DICKINSON (US) LLP

*By: /s/ Eudora F. S. Arthur*
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion to Amend Order on:

Sandra Lynn Barton
*Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion to Amend Order was served by electronic means through the Court's CM/ECF service on:

Edward C. Boltz
*Attorney for Debtor*

Troy Staley
*Chapter 13 Trustee*

Brian C. Behr
*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 11, 2026

WOMBLE BOND DICKINSON (US) LLP

*By: /s/ Eudora F. S. Arthur*
EUDORA F. S. ARTHUR
NC State Bar Number 59854
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

# EXHIBIT “A”

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| SANDRA LYNN BARTON | CHAPTER **13** |
| DEBTOR. | CASE NO. **25-02420**-5-PWM |

**CONSENT ORDER GRANTING**
**RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER comes before the Court for relief from the automatic stay to allow Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander") to exercise its rights and remedies against Santander's collateral under the Loan Documents (hereinafter defined). Based upon the consent, stipulation, and agreement of Santander, the Trustee, and the Debtor, the Court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition under chapter 13 of title 11 on June 26, 2025.

3. On or about Janaury 28, 2025, Hyundai extended a loan to Sandra Lynn Barton (the "Debtor") to finance the purchase of a 2025 Hyundai Venue, VIN No. KMHRC8A37SU354790 (the "Vehicle").

4. In conjunction with this loan, the Debtor executed a Retail Installment Contract in favor of Santander in the principal amount of $27,991.75 (the "Contract").

5. Santander has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title").

6. On or about June 25, 2025, the Debtor filed her Chapter 13 Plan (the "Plan") (D.I. 2), which provides for payment directly to Santander outside of the Plan.

7. As of the entry of this Order, the Debtor was due for March 2026 with total arrears in the amount of $1,607.76.

8. The Motion for Relief from Automatic Stay should be denied and the Automatic Stay should remain in effect so long as the Debtor complies with the following terms of adequate protection:

a) The Debtor shall resume regular monthly payments directly to Santander beginning with the payment due in June 2026. If the June 2026 regular payment is not received by Santander on or before 5:00 PM on June 30, 2026, then the automatic stay shall be immediately lifted to allow Santander to exercise its rights and remedies under the Contract and applicable laws. Beginning with the July 2026 payment and continuing for twelve (12) consecutive months, if any regular monthly payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be

immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

b) The Debtor shall cure the post-petition arrearage of $1,607.76 through the April 2026 payment by making six (6) equal monthly payments of $267.96 with the first payment being due by June 2026 and the subsequent payments being due each month thereafter for a total of six consecutive months. If any monthly cure payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

c) The finance agreements giving rise to the security interests in favor of Santander include provisions permitting recovery of any fees/costs associated with enforcing the agreement. Based on the same, Santander shall be reimbursed in the amount of $449.00 which will be added to the loan balance.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. That so long as the Debtor complies with the terms of adequate protection set forth in Paragraph 8 of the Findings of Fact above, the automatic stay shall remain in effect.

2. That if the Debtor fails to comply with any of the terms of adequate protection set forth above in Paragraph 8 of the Findings of Fact herein, the automatic stay shall be and hereby is dissolved to allow Santander to proceed against the Vehicle in accordance with applicable law and its security agreement.

3. That the Debtor shall reimburse Santander for its reasonable attorneys' fees and expenses in the amount of Four Hundred Forty Nine and 00/100 Dollars ($449.00) which shall be added to the balance of the loan.

4. That if the automatic stay is dissolved for failure to comply with the terms of this Order:

a. The Debtor and Co-Debtor are ordered to immediately release the Vehicle to Santander or advise it of the location of the Vehicle and the name, address, and telephone number of any third party who has possession of the Vehicle.

b. That Santander is allowed a period of one hundred twenty (120) days following the sale or subsequent disposition of the Vehicle to file an unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle.

c. That the lift of stay and subsequent turnover of the Vehicle shall be effective immediately upon entry of the Notice of Default/Notice of Lift of Stay pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, notwithstanding anything to the contrary in the Rules of Bankruptcy Procedure which might be applicable.

d. That time is of the essence as to each and all of the provisions of this Order.

e. That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

WE CONSENT:

WOMBLE BOND DICKINSON (US) LLP

By:

EUDORA F. S. ARTHUR
N.C. State Bar No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2148
Email: dorie.arthur@wbd-us.com
*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

By:

**Edward C. Boltz**
The Law Offices of John T. Orcutt
1738-D Hillandale Road
Durham, NC 27705
919 286-1695
Fax : 919 286-2704
Email: postlegal@johnorcutt.com

*Attorney for the Debtor*

By:

S. Troy Staley
Chapter 13 Trustee
PO Box 1618
New Bern, NC 28563
Phone: (252) 633-0074
NC State Bar No.: 43229
tstaley@ednc13.com

END OF DOCUMENT